IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) CIVIL ACTION NO. 4:11-cv-00080 |
| v. | )<br>) COMPLAINT |
| SDTM INVESTMENTS, INC. d/b/a TARHEEL MEDICAL TRANSPORT | ) **JURY TRIAL DEMAND**<br>)<br>)<br>) |
| Defendant. | )<br>) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex (pregnancy), and to provide appropriate relief to Samantha Holder and other pregnant female employees who were adversely affected by the practices. Plaintiff, the U.S. Equal Employment Opportunity Commission, alleges that defendant SDTM Investments, Inc. d/b/a Tarheel Medical Transport ("Defendant") discriminated against Samantha Holder and other pregnant female employees by discharging or involuntarily placing them on a leave of absence because of their sex, female (pregnancy).

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the state of North Carolina and the City of Washington and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Samantha Holder filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Samantha Holder worked for Defendant as an Emergency Medical Technician ("EMT") beginning around February 10, 2009. At that time, Holder was approximately five (5) months pregnant. Holder could perform all of the duties of the position at the time she was hired and at the time she was ultimately discharged by Defendant.

8. On or about March 3, 2009, Defendant's owner asked Holder if she was pregnant, and Holder responded affirmatively. Defendant's owner informed Holder that she was

discharged from her job due to concerns about the safety of Holder and/or the unborn child. Holder was also told that she could reapply for her job once her child was born. At all times throughout her employment with Defendant, Holder was able to, and could have performed, the duties of her job.

9. Christina Berdan worked for Defendant as an office manager and EMT from around August 1, 2008 until around June 10, 2009. In May 2010, Berdan notified Defendant that she was pregnant. On June 10, 2009 Defendant's owner notified Berdan that it was in the best interests of the company that Berdan go out on medical leave immediately and throughout the duration of her pregnancy. Berdan was forced to take involuntary medical leave from June 10, 2009 until December 25, 2009 when she gave birth to her child. At all times throughout her employment with Defendant, Berdan was able to, and could have performed, the duties of her job.

10. Since as early as February 9, 2009 and continuing, Defendant has engaged in unlawful employment practices at its facility located in Washington, North Carolina, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1), as described above by subjecting Samantha Holder, Christina Berdan and other similarly situated pregnant female employees to different terms and conditions of employment than its non-pregnant employees because of their pregnancy.

11.. The effect of the practices complained of above has been to deprive Samantha Holder, Christina Berdan and other similarly situated female (pregnant) employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex (pregnancy).

12. The unlawful employment practices complained of above were intentional.

13. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Samantha Holder, Christina Beardan and other similarly situated female (pregnant) employees.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate against women on the basis of sex, including pregnancy.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Samantha Holder, Christina Berdan and other similarly situated female employees whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices, including but not limited to reinstatement or front pay.

D. Order Defendant to make Samantha Holder, Christina Berdan and other similarly situated female employees whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, in amounts to be determined at trial.

E. Order Defendant to make Samantha Holder, Christina Berdan and other similarly situated female employees whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to

emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

  F. Order Defendant to pay Samantha Holder, Christina Berdan and other similarly situated pregnant employees punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 16th day of May, 2011.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street, NE
Washington, DC 20507

LYNETTE A. BARNES
Regional Attorney

TINA BURNSIDE
Supervisory Trial Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, NC 28202

/s/ Zoë G. Mahood
ZOË G. MAHOOD
N.C. Bar No.21722
Senior Trial Attorney
Raleigh Area Office
1309 Annapolis Drive
Raleigh, NC 27608
Phone: (919) 856.4080
Fax: (919) 856.4156
zoe.mahood@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**